Bernard Ryan, P. J.
Upon the trial of this claim for the appropriation of claimants’ lands for the Thruway, wherein claimants’ entire plot with the buildings standing upon it was taken, the proof of damages presents serious conflicts which we now hereby resolve to the best of our judgment. These conflicts arise not only from the wide discrepancy between the dollar value expressed in the opinion of opposing experts but also from their differing approaches to the problem.
To begin with, the claimants offered proof that the property had been purchased by the claimants in 1946 in a family transaction for $17,000, which figure included some articles of personal property, such as meat cases, scales and similar retail store equipment, and a small amount of stock in trade; that up to the date of the appropriation they had made capital improvements totaling $33,379; that they had annual income *926 rentals totaling $1,992 to which should be added $3,000 as the value of the rental of the space occupied by a retail grocery store which they, themselves operated and which did an average annual gross business of $120,670. Claimants also offered proof that taxes, repairs and maintenance averaged,, annually $1,645 leaving a net rental of $3,347. As these figures were not disputed we adopt them in our findings.
Claimants then offered expert opinion as to the land value on a front foot basis of $57 plus 11% for corner influence or a total of $62. Computed another way, the value was 63 cents per square foot for 9,384.63 square feet taken. In round figures their proof is $6,000 for the value of the land. Next, claimants’ offered testimony, by an experienced building contractor, that the reconstruction cost of the buildings for labor and materials was $49,485.25. A real estate broker, however, opined that on a cubic foot basis of 60 cents for the main building and 90 cents for the annex (built for and rented to the United States for a post office) the structures alone were worth $65,700, less depreciation to a net of $46,164.
Claimants did not stop there but presented other methods of valuation for this court to ponder. The results were as follows, each figure including $6,000 as the value of the land: capitalized earning power method $55,780; capitalized income method $45,628; capitalized gross rentals $49,920; capitalization building residual process method $49,528; sinking fund depreciation method $51,229.72; annuity method $53,172.62; reconstruction method with architect’s fees, construction financing interest and 30% depreciation $44,510.04; reconstruction method and 4% depreciation for six years, $47,745.73. The average of all these figures is $49,947.26. The claimants herein ask us to find that the market value of the appropriated premises was $50,000.
Each of these several estimates of value, computed by the method indicated, is the subject of a separate request to find, submitted by the claimants’ counsel. In turn, the Attorney-General submits a separate request to find that each method is either improper or unsubstantiated. Claimants ’ requests total 73, the Attorney-General’s requests total 59. The court cannot fail to admire the zeal of counsel. The court commends, for study, to those who would place the present jurisdiction of this tribunal elsewhere, the record and the file of this case.
Confronted with the claimants’ variety of approaches to the question of values the Attorney-General upon the trial offered the testimony of just one witness. Upon cross-examination *927 this witness said that he “ considered, but did not figure ” on the reconstruction value of the structures; that he did not consider that such had any bearing on the market value of the property; that he did- not consider the yearly net income based on rental values. His lump sum valuation of the whole property was $12,500.
The Attorney-General claims support for this figure in testimony, presented indirectly upon cross-examination of the opinion witness called by the claimants, regarding a sale of a certain property in claimants’ neighborhood on October 15, 1952 for $15,000. No notice of the proposed offer of comparable sales, as required by section 16 of the Court of Claims Act, was given by the Attorney-General. Direct proof of this particular sale was not given. We do not find that the sale was comparable. Nor was it substantiated.
Prior to the trial, indeed prior to the filing of the claim, and, therefore, before this court had the opportunity of viewing the property, the buildings were demolished and the Thruway was built upon the site. The court, subsequent to the hearings, visited Fultonville, where the property was located, viewed the general area and observed the character of the community. The court is also aided by the construction contractor’s take off of materials and a photograph of the building.
The question to be decided is the value of the land, enhanced by the structures and the trees thereon, as of the date of the appropriation. Upon the whole record this court finds that value to be $40,000. However, it appears that the claimants, after the appropriation, removed from the building a walk-in cooler which was built into the structure, and a Leonard hot-air furnace which was bricked into the building. Claimants seek to recover herein for the depreciation in value of these two items, caused by their removal, and also for the cost of dismantling and removing them. The Attorney-General on the other hand demands credit for their depreciated value. We find that the walk-in cooler and the furnace were part of the real property and, the claimants having possessed themselves of them, the State of New York is entitled to a credit not for their depreciated value, but for the amount by which they enhanced the value of the property. The testimony of their values is $1,250 for the walk-in cooler and $800 for the furnace. We make no award for the expense of dismantling and removing such built-in fixtures. No allowance for depreciation of removable trade fixtures nor for the expense of removing and storing them is made. Formal decision directs the entry of judgment, with proper interest.