Alexander Del Giorno, J.
The above-entitled and numbered claim came on for trial before me at a regular term of the Court of Claims held in the Criminal Court Building, 100 Centre Street, New York, New York, on the 26th day of November, 1957. The State was represented by the Honorable Louis J. Lefkowitz, Attorney-General, by Robert Schwartz, assistant attorney-general, of counsel, and the claimant was represented by Cullen and Dykman, his attorneys, by Herman Meltzer, Esq., of counsel, with A. J. Wheeler, Esq. At the end of the trial, the court requested that findings be submitted by the parties hereto, which findings have been submitted and are signed simultaneously with this memorandum. The memorandum has been prepared in explanation of the findings herein as made by the court.
This is an action involving the appropriation of certain parts of the claimant’s property including a permanent easement on part thereof. The size of the parcels so appropriated are properly described in claimant’s findings of fact in paragraph 2 thereof and are made part of this memorandum by reference. The State filed the maps and specifications in the claim in the office of the Clerk of the County of Nassau on December 29,1953, and a copy of said maps together with a notice of filing was served upon the claimant on April 8, 1954. The Superintendent of Public Works filed certified copies of said maps and descriptions in the office of the Department of State on June 20, 1952, and entered the premises of the claimant on August 16, 1952 at which time construction was commenced thereat.
Prior to the appropriation the property affected was improved as an estate, comprising a total area of 13.221 acres, with a frontage of approximately 450' upon McCoun’s Lane in the village of Old Brookville, in the town of Oyster Bay, Nassau County.
The property was improved with a residence containing 11 rooms, four master bathrooms, a powder room, three servants’ bedrooms and bath, a detached garage for three vehicles with a three and one-half room and bath apartment above the garage, ornamental trees, shrubbery, lawns, landscaping, pasture lands, drives, a brook and a pond. The photographic evidence presented to the court plus a description given of the property by witnesses, indicated that this was, no doubt, a modest, very *579 comfortable, well kept small estate in a residential community restricted to a minimum of two-acre plottage for building thereon. The court viewed the property and was very favorably impressed with the esthetic landscape arrangements, even now evident.
From the court’s viewing as well as reference to photographs of the property before the taking and the oral testimony given at the trial, the court is of the opinion that substantial damage was done to it by the destruction of a very large quantity of trees, shrubs and flowering plants of all kinds. The consulting landscape forester produced by the claimant, testified that the value of the trees, shrubs and plants eliminated by the taking was $20,000 and that it would cost that and, perhaps, much more to replace. The brook and pond were eliminated, the sylvan approach to the property through McCoun’s Lane has been eliminated and the entrance to the property is now from the new four-lane highway running generally north and south along the westerly side of the property. A very large open drainage ditch has been constructed by the State between the new road and the west side of the claimant’s property at about its southerly extremity. This is quite unsightly. The hrook, which runs from the property, has been eliminated by the taking, and as I have stated before even though the property is attractive as it now remains, it nevertheless has suffered from the effects of its being despoiled of those things which are considered most attractive to property of this type, although not necessarily for its use. Although I may not allow direct damages for the trees, shrubs, flowering plants and other ornamentations which lay within the area appropriated nor agree to the valuation set by the consulting landscape forester, I consider it basic in determining the damages accruing to the claimant that they be considered as part of the substantial damage suffered, since without doubt, they did enhance the value of the land acquired. (Ribak v. State of New York, 38 N. Y. S. 2d 869, 873; Keller v. State of New York, 7 Misc 2d 925, 927.)
In addition to the above, I have considered as part of the consequential damages sustained by the claimant’s property the following:
1. The fact that the house which was originally furthest away from McCoun’s Lane and, therefore, largely protected by distance as well as the serenity of its whole surroundings, is now subjected to the annoyance of traffic noises caused by the fact that the new four-lane highway which is quite heavily used is very much closer to the house than the original McCoun’s Lane.
*580 2. The drainage ditch which as I have stated before, is large and unsightly.
3. And the elevation of the new roadway which is as much as six feet above the now existing grade of the claimant’s property.
It is my own opinion upon all the facts in the case that the claimant is entitled to an award against the State of New York in the amount of $24,000, representing the damage resulting from the appropriation of his property which is based upon the following facts: I find the fair and reasonable value of the 13.221 acres with the improvements, prior the appropriation, was $74,000.
I find that the fair and reasonable market value of the remainder as a result of the appropriation by the State of New York is $50,000. I allowed $5,000 for direct land damage, $12,000 for the diminution in value due to the deteriorating effect of the absence or removal of the landscaping upon the remaining property and $7,000 for the conversion of the road frontage from McCoun’s Lane to the present highway, the change in the shape of the property and the isolation of a small parcel left on the westerly side of the present highway. These total $24,000, which in my opinion, is a fair and reasonable compensation to the claimant, with interest since August 16, 1952.
Enter judgment accordingly.